IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STUART WELCH and<br>PAULA WELCH,<br><br>    Plaintiffs,<br><br>  v.<br><br>COUNTRYWIDE HOME LOANS,<br>FREMONT INVESTMENT & LOAN,<br>ENCORE CREDIT CORP.,<br><br>    Defendants.<br>_____/ | No.  CIV S-09-0168 LKK DAD PS<br><br><br><u>ORDER</u> |

This case came before the court on April 3, 2009, for hearing of defendant Countrywide Home Loans, Inc.'s (hereinafter "Countrywide") motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 7). Plaintiffs Stuart Welch and Paula Welch, proceeding pro se, appeared on their own behalf. Jon D. Ives, Esq. appeared telephonically for defendant Countrywide.[1] Upon consideration of all written materials filed in connection with the motion, the parties' arguments at the hearing, and the entire file, the

---

[1] Countrywide states it is the successor in interest to Encore Credit Corp. and that representation is not contested by plaintiffs. Counsel is unclear why plaintiffs named Fremont Investment & Loan as a defendant in this action since plaintiffs' two loans with Fremont were repaid, with the deeds of trust securing those loans reconveyed to plaintiffs in December of 2006. The status of this action as to Fremont Investment & Loan will be addressed below.

undersigned will grant defendant Countrywide's motion to dismiss and grant plaintiffs leave to file an amended complaint.

## BACKGROUND

Plaintiffs filed their fee paid complaint on January 20, 2009 and the Clerk of the Court issued summons for service on defendants. Defendant Countrywide, successor in interest to defendant Encore Credit Corp., filed its motions to dismiss on February 20, 2009. (Doc. No. 7.) Plaintiffs filed their written opposition to the motion, entitled as a response, on March 20, 2009. (Doc. No. 12.) Defendant filed a timely reply on March 27, 2009. (Doc. No. 13.)

## PLAINTIFFS' CLAIMS

In their complaint plaintiffs allege, in vague and conclusory fashion, as follows. On June 23, 2005, plaintiffs refinanced their home in Vallejo, California by obtaining an adjustable rate mortgage loan from Encore Credit Corp. in the amount of $476,321.43 with a monthly payment of $2,495.84 at the time of closing which dramatically increased thereafter. Plaintiffs were fraudulently induced to refinance their property by defendants. Closing and other documents were not provided to them prior to closing as required under federal law. The appraisal of their home was intentionally overstated by the lender in order to push the loan through. The loan was then sold prior to the signing of closing documents and was transferred several times for servicing before ending up with defendant Countrywide. Defendant Countrywide has charged excessive fees and also allowed plaintiffs' personal information to be exposed to identity theft.

Plaintiffs seek an order enjoining defendants from violating federal lending laws and regulations, the rescission or reformation of the loan contract, a refund of all monies paid by plaintiffs to defendants, as well as statutory, actual and punitive damages.

## ARGUMENTS OF THE PARTIES

Defendant seeks dismissal of plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6) on the following grounds:  (a) plaintiff Stuart Welch lacks standing to

prosecute his claims because he neither signed the loan in question nor does he own the property used to secure the loan because a few days before his wife, plaintiff Paula Welch, took out the loan, Stuart Welch transferred his ownership interest in the property to his wife; (b) plaintiffs' vague allegations of fraud fail to meet the strict pleading requirements of Rule 9 of the Federal Rules of Civil Procedure; (c) to the extent plaintiffs' are presenting claims under the Truth in Lending Act (TILA), the Real Estate Settlement Procedure Act (RESPA), the Home Ownership and Equity Protection Act (HOEPA) or the Equal Credit Opportunity Act, their claims are time-barred; (d) plaintiffs lack standing to brings claims under the Federal Trade Commission Act and the Privacy Act; and (e) plaintiffs have failed to state a cognizable claim for relief under the Fair Credit Reporting Act or California's Unfair Competition Law.

   Defendant Countrywide also argues that, contrary to the suggestion in plaintiffs' complaint, the possession of the original note is not a prerequisite to foreclosure. Defendant Countrywide notes that it did not originate this loan and therefore could not have fraudulently induced plaintiffs to do anything. Finally, defendant argues that at the very least the court should require a more definite statement from plaintiffs pursuant to Federal Rule of Civil Procedure 12(e) in light of the vague and ambiguous nature of their allegations.[2]

   In plaintiffs' opposition to the motion they contend that Stuart Welch does have standing to pursue his claims because he was fraudulently induced by defendant Encore Credit Corp. to transfer title to the property solely into his wife's name in order to obtain the loan in question. Moreover, plaintiffs argue, the property remains the community property of both Stuart and Paula Welch thereby providing Stuart Welch a property right and standing to pursue these

---

[2] Defendant Countrywide has requested that the court take judicial notice of public records recorded in the Solano County Recorder's Office relating to the subject property including the Deed of Trust recorded on November 21, 2005, a Notice of Default and Election to Sell Under Deed of Trust the Trustee's Deed Upon Sale recorded on July 16, 2008, and an Interspousal Transfer Grant Deed recorded on November 21, 2005. On a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings. MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986). Accordingly, defendant's request for judicial notice will be granted.

1  claims.  Plaintiffs also contend that the defendants defrauded them by encouraging Paula Welch,
2  who was an unemployed housewife at the time of the transaction, to take out this "no doc" loan
3  based upon an application essentially completed by the defendants themselves, knowing that she
4  could not repay it.

5                  LEGAL STANDARDS APPLICABLE TO DEFENDANT'S MOTION

6        The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal
7  sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.
8  1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of
9  sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901
10 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to
11 relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus,
12 a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the
13 plaintiff's claims, even if the plaintiff's allegations are true.

14       In determining whether a complaint states a claim on which relief may be granted,
15 the court accepts as true the allegations in the complaint and construes the allegations in the light
16 most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.
17 United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less
18 stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519,
19 520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the
20 form of factual allegations.  W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  The
21 court is permitted to consider material which is properly submitted as part of the complaint,
22 documents not physically attached to the complaint if their authenticity is not contested and the
23 plaintiff's complaint necessarily relies on them, and matters of public record.  Lee v. City of Los
24 Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

25       Federal Rule of Civil Procedure 9, titled "Pleading Special Matters," provides as
26 follows with regard to claims of "Fraud, Mistake, Condition of the Mind:"

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

Fed. R. Civ. P. 9(b). "Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also 'to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting In re Stac Elec. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996)). Accordingly, pursuant to Rule 9(b), a plaintiff at a minimum must plead evidentiary facts such as the time, place, persons, statements and explanations of why allegedly misleading statements are misleading. In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547 n.7 (9th Cir. 1994); see also Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003); Decker v. Glenfed, Inc., 42 F.3d 1541, 1548 (9th Cir. 1994) ("The plaintiff must set forth what is false or misleading about a statement, and why it is false."); Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir. 1995).[3] Furthermore, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . an inform each defendant separately of the allegations surrounding his alleged participation in the fraud." Swartz v. KPMG LLP, 476 F.3d 756, 765-66 (9th Cir. 2007).

Finally, to state a cognizable claim for intentional infliction of emotional distress under California law a plaintiff must allege: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional

---

[3] In addition, "[u]nder California law, the 'indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'" Vess, 317 F.3d at 1105 (quoting Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir. 1996)).

5

1  distress; (2) plaintiff's suffering of severe or extreme emotional distress; (3) and actual and

2  proximate causation of the emotional distress by the defendant's outrageous conduct.

3  Christensen v. Superior Court, 54 Cal. 3d 868, 903 (1991); Cervantez v. J.C. Penney Co., 24 Cal.

4  3d 579, 593 (1979)

5     For the reasons set forth below, the undersigned will order that defendant's

6  motion to dismiss be granted and that plaintiffs be granted leave to file an amended complaint.

7  ANALYSIS

8     To the extent they can be identified[4], most of plaintiffs' claims relating to their

9  mortgage appear to have arisen in 2005.  Defendant Countrywide argues that to the extent

10 plaintiffs are attempting to state a claim under the Truth in Lending Act (TILA), 15 U.S.C. §

11 1601, et. seq.  such claims appear to be barred by the one-year statute of limitations set out in the

12 Act.  See 15 U.S.C. 1640(e).  On its face, defendant's argument is persuasive.  However, "the

13 limitations period in Section 1640(e) runs from the date of consummation of the transaction but

14 . . . the doctrine of equitable tolling may, in the appropriate circumstances, suspend the

15 limitations period until the borrower discovers or had a reasonable opportunity to discover the

16 fraud or non-disclosures that form the basis of the TILA action."  King v. California, 784 F.2d

17 910, 915 (9th Cir. 1986).[5]   In their complaint, and at the hearing on the pending motion,

18 plaintiffs have alluded generally to fraud on the part of some defendants inducing them to take

19 certain actions and to enter into the mortgage transaction in question.  However, plaintiffs have

---

[4] The court has attempted to discern the factual allegations and legal claims that the pro se plaintiffs are attempting to assert.  However, neither plaintiffs' somewhat brief and vague complaint nor their conclusory opposition to the pending motion to dismiss clearly articulate the legal theories upon which they seek to recover.

[5] Moreover, when a consumer has an extended right to rescind or pursue other statutory remedies because a violation occurs, the statute of limitations under TILA for all the damages the consumer seeks extends to three years from the date the violation is revealed. McIntosh v. Irwin Union Bank & Trust Co., 215 F.R.D. 26, 30 (D. Mass. 2003).  A  claim for rescission under TILA expires three years after the consummation of the transaction or upon the sale of the property, whichever occurs first. 15 U.S.C. § 1635(f).

not alleged facts that would entitle them either to equitable tolling of the one-year statute of limitations or an extension of the limitations period to three years.

The same is true as to claims plaintiffs' may be attempting to state under the Real Estate Settlement Procedure Act (RESPA) (one year statute of limitations under 12 U.S.C. § 2614); the Equal Credit Opportunity Act (two year statute of limitations under 15 U.S.C. § 1691e(f)) or the Home Ownership and Equity Protection Act (HOEPA) (sharing the TILA statute of limitations), all of which would appear to be time-barred based upon the present allegations of plaintiffs' complaint.

To the extent they may be attempting to do so, plaintiffs have also failed to state a cognizable claim for intentional infliction of emotional distress under California law. In this regard, plaintiffs' complaint does not allege facts suggesting that any conduct engaged in by defendant Countrywide was extreme or outrageous nor does the complaint allege specific facts showing that defendant Countrywide acted with the requisite intent or that plaintiffs suffered severe or extreme emotional distress as a result of defendant Countrywide's specific conduct. Instead, in their prayer for relief plaintiffs merely state that they are seeking punitive damages against the defendants for "harassment, emotional distress and displacement." (Compl. at 6.)

Plaintiffs' complaint may also be seen as attempting to state a claim of fraud against the defendants. However, in that regard plaintiffs have alleged merely that "[d]efendants conduct in fraudulently inducing the Welch's to refinance their property constituted an unfair or deceptive act or practice [.]" (Compl. at 5.) This conclusory allegation of fraud is insufficient under Federal Rule of Civil Procedure 9(b). As noted above, the Rule requires a party to "state with particularity the circumstances constituting fraud." This, plaintiffs have failed to do. The court may dismiss a fraud claim when its allegations fail to meet the required pleading standard. Vess, 317 F.3d at 1107; see also Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997) ("fraud

/////

/////

allegations must be accompanied by 'the who, what, when, where, and how' of the misconduct alleged").[6]

Here, plaintiffs' complaint not only fails to meet the Rule 9(b) standards governing complaints alleging fraud, it is so incomplete that the court is unable to determine whether the action may state any claim for relief. The complaint does not contain the short and plain statement of claims required by Rule 8(a)(2) of the Federal Rules of Civil Procedure. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and allege facts that state the elements of the claims both plainly and succinctly. See Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity specific acts which each defendant engaged in that support the plaintiff's claims. See id.[7]

The undersigned has carefully considered whether plaintiffs may amend their complaint to state any claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that,

---

[6] Defendant argues that plaintiff Stuart Welch lacks standing to bring any claim regarding the loan or property in question because he was removed from the Grant Deed and was not a party to the loan. As noted above, plaintiffs appear to contend that those actions were taken by plaintiffs at the direction of defendants acting in concert with one another and that plaintiff Stuart Welch was defrauded by the defendants in that regard. Should they elect to file an amended complaint in this action, plaintiffs are directed to allege the specific circumstances of this fraud claim against the defendants with as much particularity as possible.

[7] The court also notes that the complaint contains no factual allegations with respect to defendant Fremont Investment & Loan. As noted above, counsel for Countrywide has questioned why Fremont is named as a defendant since plaintiffs' loans with Fremont were repaid and the deeds of trust securing those loans reconveyed to plaintiffs in December of 2006. Finally, Fremont has not appeared in this action most likely reflecting its belief that it has not been properly served in compliance with Rule 4 of the Federal Rules of Civil Procedure. Should plaintiffs elect to name Fremont as a defendant in any amended complaint they elect to file, they must allege with some degree of particularity the specific acts which defendant Fremont engaged in that support their claims.

8

while leave to amend shall be freely given, the court does not have to allow futile amendments). It may be that amendment is futile in this case. However, at the core of plaintiffs' complaint appears to be their contention that defendants engaged in fraud, misrepresentation and predatory lending practices that resulted in plaintiffs losing their home. It may be possible that plaintiffs can draft an amended complaint with sufficient factual information to state a cognizable claim. See Blue v. Fremont Investment & Loan, 562 F. Supp. 2d 33, 46 (D.D.C. 2008) (homeowners fraud claims against loan company dismissed with leave to amend); Greene v. Benefit Mortgage Corp., No. 08-12968, 2009 WL 56056 ( E.D. Mich. Jan. 8, 2009) (homeowners complaint against a mortgage company for predatory lending and fraud contained sufficient factual information to provide the grounds for some cognizable claims).

Therefore, and in light of plaintiffs pro se status, in dismissing the complaint the undersigned will grant plaintiffs leave to amend so that they may attempt to plead their claims, including their fraud claim, with greater particularity. Any amended complaint plaintiffs elect to file shall comport with Rules 8 and 9 of the Federal Rules of Civil Procedure and shall also cure the other defects noted in this order. Pursuant to Local Rule 15-220, the amended complaint must be complete in itself without reference to the pleading that has been dismissed. The court cannot refer to the original pleading in order to make the amended complaint complete. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). The amended complaint must include factual allegations describing the conduct and events which underlie the claims against each named defendant. Failure to file an amended complaint that comports with this order may result in a recommendation that this action be dismissed for failure to state a claim on which relief can be granted.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's Request for Judicial Notice filed February 20, 2009 (Doc. No. 8) is granted.

2. Defendant's motion to dismiss filed February 20, 2009 (Doc. No. 7) is granted and the complaint filed in this action on January 20, 2009 is dismissed with leave to amend.

3. Within thirty days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice. The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."

4. Failure to respond to this order in a timely manner may result in a recommendation that this action be dismissed.

DATED: September 21, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1/orders.pro se/welch0168.mtd.